IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY TATE FOUNTAIN, *as Personal Representative of the Estate of* Russell Scott Fountain, *deceased*, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:26-00263-N |
| BOBBI MACE-MALDONADO, THOMAS J. SEIBEL, *and* LOYACONA-FOUNTAIN GROUP LLC, *a Florida Limited Liability Company*, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The Plaintiff initiated this civil action on May 27, 2026, by filing a "petition for declaratory judgment and related relief" in the Probate Court of Mobile County, Alabama. (*See* Doc# 1-1). On July 20, 2026, Defendants Bobbi Mace-Maldonado and Thomas J. Seibel removed the case to this Court under 28 U.S.C. § 1441(a) (*see* Doc# 1), and then filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and (7) (Doc# 2). Twenty-one days later, on August 10, 2026, the Plaintiff timely amended her pleading once as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). (*See* Doc# 8). As a result of the amendment, the Rule 12(b) motion to dismiss is now directed at a pleading that is no longer operative. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241,

1243 (11th Cir. 2007) (per curiam) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted))); *Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). Moreover, the amended pleading appears to address at least some of the issues raised in the removing Defendants' motion. *See* Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment (stating that the current version of Rule 15(a)(1) was enacted to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in [a Rule 12(b), (e), or (f)] motion[, as a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim").

In light of the foregoing, the Rule 12(b) motion to dismiss filed July 20, 2026 (Doc# 2), is **MOOT**. The removing Defendants may, of course, re-raise their arguments in a new motion directed at the First Amended Complaint, if appropriate.[1] All Defendants' responses to the First Amended Complaint (Doc#

---

[1] The undersigned expresses no opinion herein on the merits of those arguments.

2

8)[2]  are due within the time specified by Federal Rule of Civil Procedure 15(a)(3).

**DONE** and **ORDERED** this the **12th** day of **August 2026**.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] While, like her case-initiating pleading filed in state court, the Plaintiff's first amended pleading is titled a "petition," it is construed as a complaint since it was filed in this federal action. *See* Fed. R. Civ. P. 7(a) (listing the "[o]nly…pleadings…allowed" in federal civil actions, which do not include "petitions"); Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). Thus, the parties are referred to as plaintiff and defendants, rather than petitioner and respondents.