**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KIMBERLY TATE FOUNTAIN, etc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 26-0263-WS-N** |
| | ) | |
| **BOBBI MACE-MALDONADO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

This removed matter is before the Court on the plaintiff's motion to remand. (Doc. 24).[1] The individual defendants have filed a response, (Doc. 30),[2] and the motion is ripe for resolution. After careful consideration, the Court concludes the motion to remand is due to be granted.

As set forth in previous orders, the individual defendants invoke diversity of citizenship. The plaintiff is the personal representative of the estate ("the Estate") of Russell Scott Fountain ("Fountain"). Because Fountain was a citizen of Alabama at the time of his death, (Doc. 1-1 at 3), the plaintiff is also deemed a citizen of Alabama for diversity purposes. 28 U.S.C. § 1332(c)(2). (Doc. 21 at 1). The original complaint[3] named two individuals as defendants. (Doc. 1-1 at 2). They are citizens of Florida and

[1] The plaintiff's filing seeks other relief as well. Because the Court is powerless to proceed unless it is satisfied of its subject matter jurisdiction, it first considers the motion to remand.

[2] The Court has also considered those portions of the individual defendants' reply to the plaintiff's motion to dismiss, (Doc. 27), to which they have directed the Court's attention. (Doc. 30 at 2).

[3] The initial pleading was filed in the Probate Court of Mobile County and is styled as a "petition." The Court herein characterizes the plaintiff's pleadings as complaints.

Maryland, respectively. (Doc. 6 at 3; Doc. 21 at 1). As between these three parties, complete diversity exists.

The original complaint alleged that, at the time of Fountain's death, he and the two individual defendants were the only three members of a certain limited liability company ("the LLC"). (Doc. 1-1 at 2). The single count of the original complaint requests declaratory relief, including confirmation of the plaintiff's authority to exercise Fountain's rights as a voting member of the LLC, a declaration that the individual defendants have no authority to act as voting members or as managers of the LLC, and a construction of certain provisions of the LLC's operating agreement ("the Agreement"). (*Id*. at 9-11).[4] In their notice of removal, the individual defendants asserted that the LLC "is a necessary and indispensable party to this action." (Doc. 1 at 2). The plaintiff then filed an amended complaint, compliant with Rule 15(a)(1), in which she named the LLC as a third defendant. (Doc. 8).

For diversity purposes, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The decisive question is whether the Estate is a member of the LLC. The individual defendants concede that, if the Estate is a member, the LLC shares the plaintiff's Alabama citizenship, eliminating complete diversity. (Doc. 18 at 2-3). And because the individual defendants insist that the LLC is an indispensable party, the Court cannot restore complete diversity by dismissing the LLC as a defendant (something the individual defendants have not requested in any event). *Hensley v. Hartford Casualty Insurance Co*., 113 F.4th 1327, 1332-33 (11th Cir. 2024); *Thermoset Corp. v. Building Materials Corp. of America*, 849 F.3d 1313, 1318-21 (11th Cir. 2017).

The Agreement "shall be construed in accordance with the internal laws of the State of Florida, without reference to such state's conflicts of law principles." (Doc. 18-1

[4] For reasons previously given, (Doc. 21 at 2 n.1), the Agreement relied on by the Court is the document submitted as the first amended operating agreement.

at 20, ¶ 37). The parties agree that resolution of the jurisdictional issue requires consideration of the Agreement and of Florida law.

The Estate was not a member of the LLC at the time of Fountain's death in February 2026. The plaintiff says the Estate became a member in May 2026, before this action was filed, by her execution of a "unanimous written consent of the sole Class A member of" the LLC ("the Consent"). (Doc. 24-6). By that document, executed by the plaintiff in her capacity as personal representative of the Estate, "the undersigned hereby admits the Estate ..., by and through its Personal Representative, as a Class A Voting Member of the Company." (*Id.* at 2).[5]

As authority for her action, the plaintiff points to Florida law: "If a member who is an individual dies ..., the member's personal representative may exercise all of the member's rights for the purpose of settling the member's estate or administering the member's property, including any power the member had to give a transferee the right to become a member." Fla. Stat. § 605.0504.[6] The plaintiff locates Fountain's "power ... to give a transferee the right to become a member" in the Agreement: "[T]he vote of the Members holding at least 66 and 2/3% of the Class A Units shall be required prior to ... admitting new Members to the Company." (Doc. 18-1 at 8, ¶ 13(a)). At his death, Fountain held 100% of the Class A Units. (Doc. 8 at 5).[7]

---

[5] The individual defendants voice "questions as to the authenticity of the [Consent] [and] why Petitioner has not previously provided it." (Doc. 27 at 2). They articulate no basis for doubting the legitimacy of the Consent, which appears regular on its face, or the integrity of plaintiff and her counsel. The individual defendants may not by innuendo carry their burden of sustaining their invocation of diversity jurisdiction.

[6] For purposes of this provision, a "transferee" is "a person [defined to include estates] to which all or part of a transferable interest [defined to include the right, initially owned by a member, to receive distributions from an LLC] is transferred [defined to include a transfer by operation of law] ...." Fla. Stat. § 605.0102(48), (65)(g), (66), (67). The parties do not dispute that the Estate is a transferee for purposes of Section 605.0504.

[7] The individual defendants do not deny that the Consent constitutes a "vote" to "admi[t]" the Estate as a member of the LLC.

The individual defendants first argue that the Agreement did not, as Section 605.0504 requires, grant Fountain the power to make a transferee a member. (Doc. 27 at 4-5; Doc. 30 at 3). They cite to Section 17 of the Agreement, which places limits on a member's right to transfer any part of his interest in the LLC. The ability to transfer, however, is not at issue, as the Agreement recognizes an automatic transfer of a deceased member's interest to his estate. (Doc. 18-1 at 7, ¶ 12(a)). Far from prohibiting transferees from becoming members, Section 17 expressly contemplates such an occurrence: "In no event shall any transferee of any interest in the Company be considered a Member unless such transferee is admitted as a Member in accordance with the provisions of this Agreement." (*Id*. at 13, ¶ 17). Fountain plainly had the power to make his transferee a member by voting to admit the transferee as such.

The individual defendants next argue that Section 605.0504 is not in play. They believe this provision can apply only if the Agreement does not "'provid[e]' for the treatment of a member's interest in the Company upon such member's death," and they say that the Agreement does so. (Doc. 27 at 4; Doc. 30 at 3). The issue, however, is not the transferee's *interest* in the LLC but the transferee's *membership* (or non-membership) in the LLC. While the Agreement provides that a transferee cannot become a member simply by becoming a transferee, it further provides that a transferee will become a member if it is voted in as such.

The individual defendants next argue that the Agreement trumps Section 605.0504. (Doc. 27 at 3). They rely on the following statutory provision: "Except as otherwise provided in subsections (3) and (4) [which are not in play here], the operating agreement governs the following: (a) Relations among the members as members and between the members and the limited liability company ...." Fla. Stat. § 605.0105(1). Section 605.0504, however, does not address the relations among members *inter se* or between members and the LLC; instead, it addresses the relations between a non-member (a deceased member's estate and/or the personal representative therof) and the surviving

members.[8] Section 605.0105(1)(a) therefore does not privilege the Agreement over the provisions of Section 605.0504. Thus, even had the individual defendants demonstrated a conflict between the Agreement and Section 605.0504 (and they have not), they have not shown that such a conflict would have to be resolved in favor of the Agreement.

The individual defendants vaguely protest that the plaintiff is relying on a different theory of why the Estate is a member of the LLC than the one she previously advanced. (Doc. 27 at 3; Doc. 30 at 1). It is true that the plaintiff previously argued that the Estate automatically became a member upon Fountain's death, and it is true that the Court rejected that theory. (Doc. 21). The requirement of subject matter jurisdiction, however, is not waivable, and the Court is obligated to revisit its assessment when new grounds are presented.

For the reasons set forth above, the plaintiff's motion to remand is **granted**. This action is **remanded** to the Probate Court of Mobile County.

DONE and ORDERED this 29th day of October, 2026.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

[8] Even if the provision could be viewed as addressing the relations between a deceased member and the surviving members, the individual defendants correctly concede that a deceased member is not a member. (Doc. 18 at 5-6).